UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION



MICHAEL D. WALLACE,                )
                                   )
    Plaintiff,                     )
                                   )
v.                                 )    Case No. CV405-140
                                   )
OFFICER J. A. WILLIAMS, JR.,       )
WARDEN DANNY THOMPSON,             )
and WARDEN JAMES DEAL,             )
                                   )
    Defendants.                    )

## REPORT AND RECOMMENDATION

On August 10, 2005, this Court granted plaintiff leave to proceed *in forma pauperis* on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form within thirty days of the order. The Court informed plaintiff that his failure to return these forms would result in a recommendation that this case be dismissed. Plaintiff has timely returned the two forms; the case is therefore ready to proceed.

Congress has significantly changed the procedures for handling civil actions filed by prisoners or other detainees. Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (PLRA). Under the PLRA, a federal court "shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under [42 U.S.C. § 1983] . . . if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(1). The PLRA requires the federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal. 28 U.S.C. § 1915A. The Court therefore will examine plaintiff's complaint to determine whether he has stated a colorable claim for relief under § 1983.

Plaintiff alleges that he was brutally attacked and beaten on July 6, 2005 by Correctional Officer J. A. Williams, who repeatedly hit plaintiff in the head with handcuffs and choked him without provocation after plaintiff requested his prison mail. Such allegations of the malicious and sadistic use of excessive force violate the Eighth Amendment protection against cruel

and unusual punishment and state a claim for relief under 42 U.S.C. § 1983, even where the inmate does not suffer serious physical injury.[1] Hudson v. McMillian, 503 U.S. 1, 9 (1992); Davis v. Locke, 936 F.2d 1208, 1212 (11th Cir. 1991).

As for the remaining defendants, plaintiff has failed to state a colorable claim under § 1983 against Warden Danny Thompson and Warden James Deal. First, plaintiff fails even to mention these defendants in the body of his complaint. Further, even assuming plaintiff is attempting to pursue a claim against Warden Thompson and Warden Deal because of their supervisory authority over the prison, claims brought pursuant to § 1983 cannot be based upon theories of respondeat superior or vicarious liability. Polk County v. Dodson, 454 U.S. 312, 325 (1981); Monell v.

---

[1] Plaintiff readily concedes that he has not filed a grievance with any prison official regarding the allegations of his complaint. Ordinarily, the Court would dismiss the complaint at the outset for failure to exhaust available administrative remedies before bringing suit challenging prison conditions. 42 U.S.C. § 1997e(a) (exhaustion of "available remedies" is a precondition to suit); Porter v. Nussle, 534 U.S. 516, 524 (2002); Brown v. Sikes, 212 F.3d 1205, 1207 (11th Cir. 2000); Alexander v. Hawk, 159 F.3d 1321, 1327 (11th Cir. 1998). Plaintiff asserts, however, that prison officials have denied him his right to file a grievance by refusing to furnish him with the appropriate grievance form. Exhaustion is not required where a prisoner is precluded from filing a grievance, for then there is no "available" administrative remedy within the meaning of the statute. Booth v. Churney, 532 U.S. 731 (2001). Although the Court earlier expressed reservations as to whether plaintiff has made earnest efforts to exhaust his administrative remedies, Doc. 1, for present purposes the Court will accept the truthfulness of plaintiff's allegations.

Department of Social Services of New York, 436 U.S. 658, 691 (1978). Rather, the plaintiff must demonstrate either that the individual defendant directly participated in the alleged constitutional deprivation or that there is some other causal connection between the official's acts or omissions and the alleged constitutional deprivation. Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988) (per curiam). Such a causal connection may be established by showing that a supervisory official implemented or allowed to continue an official policy or an unofficially adopted policy or custom under which the violation occurred. Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986); Fundiller v. City of Cooper City, 777 F.2d 1436, 1442 (11th Cir. 1985).

A supervisory official may also be subject to § 1983 liability when a history of widespread abuse puts the official on notice of the need to take corrective action and he fails to do so. Brown v. Crawford, 906 F.2d at 671; Williams v. Cash, 836 F.2d 1318, 1320 (11th Cir. 1988). A causal connection between the supervisory official's acts or omissions and the plaintiff's injury is essential to establish liability. In this case, plaintiff has not attempted to show any connection between his alleged constitutional deprivations and

any policies, customs, or conduct of either Warden Thompson or Warden Deal. In fact, there is no reference to either defendant in the body of the complaint.

Accordingly, the Court recommends that plaintiff's complaint against Warden Thompson and Warden Deal be **DISMISSED** for failure to state a colorable § 1983 claim. The Court **DIRECTS** that a copy of the complaint be served only upon Defendant Williams at this time.

Plaintiff's August 25, 2005, motion to proceed *in forma pauperis* is **DENIED** as moot. Plaintiff's motion for transfer to another prison facility is **DENIED**.

**SO REPORTED AND RECOMMENDED** this 20th day of **September, 2005.**

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA